1  McGREGOR W. SCOTT
   United States Attorney
2  YOSHINORI H. T. HIMEL #66194
   Assistant United States Attorney
3  Eastern District of California
   501 I Street, Suite 10-100
4  Sacramento, California 95814-2322
   Telephone: (916) 554-2760

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and CHARLES DUFF, Revenue Officer, Internal Revenue Service,<br><br>Petitioners,<br><br>v.<br><br>ROBERT J. PRATT,<br><br>Respondent. | 2:08-mc-00065-JAM-DAD<br><br>**AMENDED[1] ORDER TO SHOW CAUSE RE: TAX SUMMONS ENFORCEMENT**<br><br>Taxpayer: ROBERT J. PRATT<br><br>Date: Friday, July 18, 2008<br>Time: 10:00 a.m.<br>Ctrm: Hon. Dale A. Drozd<br>         (Crtrm. # 27, 8th Floor) |

Upon the petition of McGREGOR W. SCOTT, United States Attorney for the Eastern District of California, and the Exhibit attached thereto, including the verification of Revenue Officer CHARLES DUFF, it is hereby:

ORDERED that the Respondent, ROBERT J. PRATT, appear before United States Magistrate Judge Dale A. Drozd, in that Magistrate Judge's courtroom in the United States Courthouse, 501 I Street, Sacramento, California, on Friday, July 18, 2008, ~~2008,~~ at 10:00 a.m., to show cause why the respondent should not be compelled to obey the Internal Revenue Service summons issued on February 12, 2008.

/////

---

[1] The proposed order has been amended as shown by strike-out and/or italics.

<u>AMENDED</u> ORDER TO SHOW CAUSE RE: TAX SUMMONS ENFORCEMENT                              Page 1

It is further ORDERED that:

1. The United States Magistrate Judge will preside, under 28 U.S.C. Section 636(b)(1) and Local Rule 72-302(c)(9), at the hearing scheduled above. After the hearing, the Magistrate Judge intends to submit proposed findings and recommendations under Local Rule 304(a), with the original thereof filed by the Clerk and a copy provided to all parties.

2. The Court hereby appoints the group manager of the petitioning Internal Revenue Service employee, and all federal employees designated by that group manager, under Fed. R. Civ. P. 4(c)(1), to serve process in this case.

3. A copy of this Order, the Verified Petition and its Exhibit, and the Points and Authorities, shall be served by delivering a copy to the respondent personally or by leaving a copy at the respondent's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, within 21 days of the date this order is served upon the United States Attorney, unless such service cannot be made despite reasonable efforts.

4. If the federal employee assigned to serve these documents ~~order~~ is unable to serve them as provided in paragraph 3, despite making reasonable efforts to do so, ~~other means of service may be used. See Fed. R. Civ. P. 81(a)(5). Such means may include verifying the respondent's place of abode or business by postal trace or otherwise, posting the documents on the door of the respondents' place of abode or business, and mailing an additional copy by ordinary or certified mail.~~ *the documents may be served by any other means of service permitted by Fed. R. Civ. P. 4(e) or petitioners may request a court order granting leave to serve by other means.* See Fed. R. Civ. P. 81(a)(5). The federal employee *assigned to serve the documents* shall make a certificate detailing the efforts made within the 21-day period to serve the respondent as provided in paragraph 3~~, and the other means of service used~~.

5. Proof of any service done pursuant to paragraph 3 or 4, above, shall be filed with the Clerk as soon as practicable.

6. The file reflects a prima facie showing that the investigation is conducted pursuant to a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed. <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964). The burden of coming forward therefore has shifted to whoever might oppose enforcement.

7. If the respondent has any defense or opposition to the petition, such defense or opposition shall be made in writing and filed with the Clerk and a copy served on the United States Attorney at least 10 days prior to the date set for the show cause hearing.

8. At the show cause hearing, the Magistrate Judge intends to consider the issues properly raised in opposition to enforcement. Only those issues brought into controversy by the responsive pleadings and supported by affidavit will be considered. Any uncontested allegation in the petition will be considered admitted.

9. The respondent may notify the Court, in a writing filed with the Clerk and served on the United States Attorney at least 10 days prior to the date set for the show cause hearing, that the respondent has no objection to enforcement of the summons. The respondent's appearance at the hearing will then be excused.

DATED: June 12, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/pratt0065.osc.amended